IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. Action No. 14-668-GMS |
| | ) |
| R. VERNA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), filed this lawsuit alleging violations of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) Also named as plaintiffs are Tracy Jones ("Jones") and Solo Vice City Finest Org. ("Solo Vice")[2]. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

Bridgeforth alleges that on May 28, 2014, the defendants searched his vehicle without a warrant causing property damages to the vehicle. Bridgeforth alleges that the defendants used "unnecessary force" and that he was "mechanically restrained." Bridgeforth alleges that Jones,

---

[1] Bridgeforth does not reference a particularly statute, but it appears the claim is brought pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Neither Jones nor Solo Vice signed the complaint. The court notes that Bridgeforth is not an attorney and, therefore, he may not represent them.

who has had skin grafts, "could have suffered unduly harsh damages to the wrist area." Bridgeforth alleges it was an unwarranted stop and that Jones was unconstitutionally arrested.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)

2

standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Bridgeforth alleges that the defendants harassed him and used force in violation of the Eighth Amendment. Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment, *Graham v. Connor*, 490 U.S. 386 (1989), excessive force claims for pretrial detainees are analyzed under the Fourteenth Amendment, *Sylvester v. City of Newark*, 120 F.

3

App'x 419, 423 (3d Cir. 2005), and excessive force claims for those convicted of a crime are analyzed under the Eighth Amendment, *Graham v. Connor,* 490 U.S. at 395 n.10. The actions Bridgeforth complains of occurred during a traffic stop.

There are no allegations that Bridgeforth was arrested, that he suffered an injury, or that he required medical attention. At most, he alleges that handcuffed. The claim does not rise to the level of a constitutional violation. *See Gilles v. Davis*, 427 F.3d 197 (3d Cir. 2005) (alleged tightness of arrestee's handcuffs did not constitute excessive force where arrestee demonstrated no expression or sign of discomfort at the time he was handcuffed and he did not seek or receive medical treatment after the fact).

The court does not consider the allegations with regard to Jones and Solo Vice. Bridgeforth is not an attorney and may not represent them. Further, "a person does not have standing to vindicate the constitutional rights of a third party." *James v. York Cnty. Police Dep't*, 160 F. App'x 126, 131 (3d Cir. 2005) (unpublished) (citing *Barrows v. Jackson*, 346 U.S. 249, 255 (1953)).

Accordingly, the court will dismiss the federal claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The court declines to exercise supplemental jurisdiction to the extent Bridgeforth raises a state law claim damage to his vehicle. *See* 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-640 (2009).

## IV. CONCLUSION

For the above reasons, the court will dismiss federal claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and will decline to exercise supplemental jurisdiction over the

4

state claims. Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

Sept 16, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

5